FILED

UNITED STATES DISTRICT COURT   2011 JUL 26 PM 1:49
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION   CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

KERMITE BRISTOW
    Plaintiff,

CASE NO.:
3:11-CV-739-J-20 MCR

vs.

CAPITAL MANAGEMENT SERVICES, LP,
a foreign limited partnership and
Keith Doe, an individual.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KERMITE BRISTOW [hereinafter Plaintiff], by and through undersigned counsel, and files this Complaint against Defendant, CAPITAL MANAGEMENT SERVICES, L.P. [hereinafter Defendant Capital] and Defendant KEITH DOE [hereinafter Defendant Doe] and alleges:

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Consumer Collections Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in the Plaintiff resided in Duval County, Florida and the Defendant conducted business in Duval County, Florida.

1

## PARTIES

4. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant Capital is a collection agency operating from an address of 726 Exchange Street, Suite 700, Buffalo, New York 14210, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) and Section 559.55(6).

6. Defendant Doe is an employee of Defendant Capital and is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.

8. Sometime thereafter, the debt was consigned, assigned, placed or otherwise transferred to Defendant for collection from the Plaintiff and Defendant Capital's representatives began to phone the Plaintiff in an attempt to collect on the debt.

9. On or about May 2, 2011, Plaintiff's attorney contacted Defendant Capital and informed the collectors that Plaintiff was now represented by counsel.

10. Despite being on notice that Plaintiff was represented by counsel, Defendant Doe, in violation of 15 U.S.C. § 1692c(a)(2) and F.S. 559.72(18), continued to collect the debt and on May 20, 2011, directly contacted the Plaintiff, Kermite Bristow, by telephone.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference Paragraphs (1) one through (10) of this Complaint as though fully restated herein and further restates as follows:

11. The foregoing acts and omissions of Defendant Capital and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

12. As a result of Defendant Capital's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II: VIOLATIONS OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

Plaintiff incorporates by reference paragraphs one (1) through ten (10) of this Complaint as though fully stated herein.

13. As a result of Defendant Capital's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant Capital.

14. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

### *Respondeat Superior Liability*

15. The acts and omissions of the individual collectors, and the other debt collectors employed as agents by Defendant Capital, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Capital.

16. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Capital in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, the individual collectors were motivated to benefit their principal, Defendant Capital.

18. Defendant Capital is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FCCPA in their attempts to collect this debt from Plaintiff.

### COUNT III: NEGLIGENT HIRING

Plaintiff incorporates by reference paragraphs one (1) through ten (10) as though fully stated herein.

19. Defendant Capital owed Plaintiff the duty of hiring individuals appropriate for the job.

20. Defendant Capital was negligent in its hiring of employees.

21. Defendant Capital should have known that its employees posed a threat of harm to others.

22. Plaintiff was harmed as a result of the employees hired by Defendant Capital and its failure to properly handle his loan.

23. Plaintiff has been seriously damaged as a result and is entitled to damages, costs and attorneys fees.

## COUNT IV: NEGLIGENT SUPERVISION

Plaintiff incorporates by reference paragraphs one (1) through ten (10) as though fully stated herein.

24. Defendant Capital owed Plaintiff a duty in its supervision of its employees and agents.

25. Defendant Capital was negligent in its supervision of its employees and agents.

26. Defendant Capital failed to use reasonable care to supervise the activity of its employees and agents.

27. The acts and omissions of Defendant Capital's employees and agents posed a threat of harm to the Plaintiff or others.

28. Plaintiff was harmed by Defendant Capital's negligent supervision.

29. Plaintiff has been seriously damaged as a result and is entitled to damages, costs and attorneys fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendants and for Plaintiff;

- an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendants and for Plaintiff;

- an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendants and for Plaintiff;

- an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff' credit reports; and

- such other relief as this Court deems just and proper.

## COUNT III-NEGLIGENT HIRING

- for an award of damages, costs of litigation pursuant to 15 U.S.C. §1692 against Defendants and for Plaintiff; and

- such other relief as this Court deems just and proper.

## COUNT IV-NEGLIGENT SUPERVISION

- for an award of damages and costs of litigation pursuant to 15 U.S.C. §1692 against Defendants and for Plaintiff; and

- such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

_____
CLYDE COLLINS, JR. ESQ.
Florida Bar No. 342688
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
Email: clyde@collinsstorylaw.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF FLORIDA            )
                            ) ss
COUNTY OF DUVAL             )

KERMITE BRISTOW, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
KERMITE BRISTOW

Subscribed and sworn to before me
this _1_ day of _July_, 2011.

_____
Notary Public

TERESA L. MCMICHAEL
MY COMMISSION # DD 885522
EXPIRES: May 3, 2013
Bonded Thru Budget Notary Services

-12-

\\Max-pc\users\max\Documents\Client.Files\FORM FILES\FDCPA BOOTCAMP\Complaints\FDCPA Complaint with Malicious Prosecution.doc